# H. C. Wilson *v.* Samuel W. Black, Appellant.

*Partnership—Dissolution—Accounts.*

Partnership articles contained the following provision: " In the event of a dissolution of the firm, from any cause, all the personal property, books, papers, maps, plans and unexecuted orders belonging to or in the possession of such partnership shall become the property of the said first party, for the purpose of enabling said first party to continue the business, previously done by said partnership, in his own name and for his own benefit." The business consisted of buying and selling real estate and collecting rents.    About six months after the agreement was made, the rent-collecting part of the business was sold, and a provision in the agreement as to the method of ascertaining the value of the partner's interest upon a dissolution, based upon the gross receipts of that department, became inoperative. Upon a subsequent dissolution, *Held*, that the party of the first part was entitled to the personal property, books, papers, etc.

*Equity—Partnership—Costs.*

On a bill in equity against one partner by another for an account, where it appears that proceedings have been necessary to the settlement of matters in dispute between the parties, each one should bear his share of the costs in proportion to his interest in the firm.

Argued Oct. 22, 1894.    Appeal, No. 16, Oct. T., 1894, by defendant, from decree of C. P. No. 2, Allegheny Co., Oct. T., 1891, No. 372, on a bill in equity.    Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN, and FELL, JJ.    Reversed.

Bill for account between partners.

The case was referred to R. B. Petty, Esq., as examiner and master, from whose report it appeared that, on July 1, 1889, plaintiff and defendant entered into a partnership for the purpose of engaging in the business of buying and selling real es-

tate and collecting rents. Defendant had previously been in the business, and plaintiff had been an employee. The articles provided that defendant, the party of the first part, should have a two thirds interest in the business, and that plaintiff should have a one third interest. Plaintiff agreed to pay eight thousand dollars to defendant with interest upon so much of the principal as was unpaid, for his one third interest in the partnership. Upon a dissolution, all of the personal property, books, papers, maps, plans and unexecuted orders of the partnership were to become the property of defendant, for the purpose of enabling him to continue the business previously done by said partnership, in his own name, and for his own benefit. In the event of a dissolution at any time, or for any cause, the value of plaintiff's interest was to be ascertained as follows : " The interest is considered as valued at eight thousand dollars, based on annual gross receipts, from the rent-collecting department, of eight thousand dollars. At the time of dissolution, therefore, the said interest shall be valued by the gross receipts from said department for the twelve months previous to dissolution. If the gross receipts therefrom are greater than eight thousand dollars for that period, the valuation of the second party's interest is to be increased accordingly ; if the gross receipts therefrom are less than eight thousand dollars for that period the valuation is to be decreased accordingly. When the valuation is ascertained in the foregoing manner, then from said valuation is to be deducted the amount still owing by said second party to said first party on account of said interest, and the balance, if any, paid to the said second party." The death of defendant should not operate as a dissolution, but his representatives should succeed to all of his rights under the agreement, and continue the partnership until dissolved, when they should be entitled to continue the business, paying plaintiff for his interest in the manner above specified. In case of the death of plaintiff the partnership was to be dissolved, and defendant was to settle with plaintiff's representatives in the manner above set forth.

After the partnership had continued for about six months, on Dec. 27, 1889, the partners sold the rent-collecting department for the sum of $20,000 to Black & Baird, by an agreement in which plaintiff and defendant covenanted that they

would not engage in the business of renting houses or collecting rents in the county of Allegheny for five years. They sold the good will of this rent-collecting department and agreed to do all in their power to direct their present and future customers, in that business, to Black & Baird.

The proceeds of this sale to Black & Baird were treated by the parties as profits and divided according to their interests in the firm; $13,333.33 being placed to defendant's credit and $6,666.66 to plaintiff's credit.

After the sale of the rent-collecting department they continued to carry on the business of buying and selling real estate until Aug. 31, 1891, when plaintiff gave notice and retired from the firm and opened an office for the purpose of carrying on a similar business in his own name on Penn avenue, and later on Wood street, Pittsburg. He continued in this business until October, 1892, when he went into other business.

Defendant continued the business on Fourth avenue, using the name of "Samuel Black & Co.," which was the name he had used prior to his partnership with plaintiff.

The bill in this case was filed to compel defendant to pay for the value of plaintiff's interest in the personal property, including leases, accounts, etc.

Upon a hearing in the case plaintiff put a value upon the good will of the old firm and asked for a decree compelling defendant to pay for plaintiff's interest in the good will.

The master found that plaintiff would be entitled to his share of the good will if it had any value, but that it had none; and awarded him an amount for his one third interest in the personal property, to wit: maps, plans, office furniture, and leases retained by defendant. The master also found that upon settlement of the accounts there was a balance in defendant's hands of $2,094.11, one third of which, or $698, was due plaintiff, for which amount a decree was entered against defendant, together with all the costs.

*Errors assigned* were, dismissal of exceptions to allowance for office furniture, etc., and entry of decree, quoting exceptions and decree.

*James C. Doty, P. C. Knox, James H. Reed* and *Edwin W. Smith* with him, for appellant.

*A. M. Brown, John D. Brown* with him, for appellee.

OPINION BY MR. CHIEF JUSTICE STERRETT, Nov. 5, 1894:

One of the items constituting " the sum of $2,094.11," found by the learned master, " as the net value of the firm assets received by the defendant," is seven hundred dollars for books, papers, maps, plans, office furniture, etc., mentioned in the first specification of error. We are unable to see how, upon a proper construction of the copartnership agreement of July 1, 1889, these articles can be regarded as firm assets. As to them, the agreement provides thus : " In the event of a dissolution of the firm, from any cause, all the personal property, books, papers, maps, plans and unexecuted orders belonging to or in the possession of such partnership shall become the property of the said first party, for the purpose of enabling said first party to continue the business, previously done by said partnership, in his own name and for his own benefit." In the next succeeding clause of said agreement, provision is made for ascertaining the second party's interest in the partnership, in the event of a dissolution thereof, by taking as a basis " the gross receipts from " the rent-collecting " department for the twelve months previous to dissolution," etc., as therein specified. When the firm business had been prosecuted for about six months, both partners united in effecting a sale of their rent-collecting department for $20,000 ; which sum they treated as profits and divided according to their respective interests in the firm,— plaintiff receiving one third and defendant the residue. They thenceforth confined their efforts to buying and selling real estate. While the effect of disposing of the rent-collecting department of their business was to render inoperative the provision aforesaid for ascertaining plaintiff's interest in the firm, it did not in any manner interfere with defendant's right to the books, papers, maps, plans etc. which, under the clause above quoted, were to become his " property " " in the event of a dissolution of the firm, from any cause." That provision was not altered or annulled by the sale aforesaid. It was never contemplated that defendant should account for the value of the books, papers, maps, plans, etc., specified in the clause referred to. Those articles were to be used in the prosecution of the firm's business until a dissolution took place ; and there-

upon they reverted to defendant, for the purpose of enabling him " to continue the business . . . . in his own name and for his own benefit."

We are therefore of opinion that there was error in treating said articles, valued by the master at $700, as partnership assets; and the decree should be modified accordingly. As to the other items of assets, we are not prepared to say there was any error. We are also of opinion that defendant should not be required to pay more than two thirds of the costs. . The proceedings appear to have been necessary to the settlement of matters in dispute between the parties respectively, and each should therefore bear his proportionate share of the costs, etc.

Decree reversed: and it is now adjudged and decreed that, in lieu of the sum specified in said decree, the defendant pay to the plaintiff the sum of four hundred and sixty-four dollars and sixty-seven cents ($464.67), with interest from September 16, 1893; and it is further ordered that the costs, including the master's fee ($200), stenographer's bill ($125), and costs of this appeal, be paid, one third by plaintiff and the remaining two thirds by the defendant.